**Floyd L. BROWN**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

March 16, 1971.

Frederick Keamy, Lisbon Falls, for plaintiff.

1. The State of Maine appealed from the First Circuit decision to the U. S. Supreme Court but pending appeal the case became moot and for that reason was re-

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendants.

Before WEBBER, WEATHERBEE, POMEROY and WERNICK, JJ.

WEBBER, Justice.

This appeal from the denial of the writ of habeas corpus raises but a single issue. Appellant challenges the constitutionality of the statute providing for administrative transfer of incorrigible prisoners from the Men's Correctional Center to the Maine State Prison without notice or hearing. 34 M.R.S.A., Sec. 808 since repealed by P.L. 1969, Ch. 346, Sec. 6 and superseded by 34 M.R.S.A., Sec. 808–A enacted by P.L.1969, Ch. 346, Sec. 7. The administrative transfer poses no constitutional issue. Duncan, v. Ulmer (1963) 159 Me. 266, 276, 191 A. 2d 617; see Green v. Robbins (1962) 158 Me. 9, 176 A.2d 743; see Shone v. State (1968) Me., 237 A.2d 412. Although in Shone v. State of Maine (1969) 1 Cir., 406 F.2d 844,[1] the Court concluded that a transfer from the Boys' Training Center to the Men's Correctional Center poses constitutional problems, we find no suggestion therein that constitutional requirements would be imposed where administrative transfer was between two penal institutions no more "functionally distinct" than are the Men's Correctional Center and the Maine State Prison. The petitioner makes no claim that the statutory requirements for a valid administrative transfer were not met and we need not concern ourselves here with the possible consequences of such a failure. Petitioner's attack is addressed exclusively to the constitutionality of the transfer statute.

Appeal denied.

DUFRESNE, C. J., did not sit.

manded with directions to dismiss the case as moot. 396 U.S. 6, 90 S.Ct. 25, 24 L.Ed.2d 6.